Field v. Post.

## MARIA FIELD v. MARTIN C. POST.

1. If the goods in replevin are retained by the defendant, a claim of property being made, and a bond given, the plaintiff may have the value of the goods embraced in the damages.
2. Such judgment for damages will be absolute, and there can be no return of the goods in its discharge.
3. When each party in replevin partly succeeds on a plea of title, each is entitled to costs.

Replevin for certain household articles. The defendant retained these goods, making claim of property, and giving bond.

The pleas were *non cepit* as to all of the goods and property in himself as to part. The jury found for the plaintiff as to all the goods to which the defendant had not pleaded property, and as to part of those to which he had so pleaded ; and as to the residue, they said they were the joint property of the plaintiff and defendant, and they assessed the value of the goods for which they found in favor of the plaintiff, and damages for their detention.

Upon this verdict both parties claimed costs, and the defendant insisted that the judgment of the plaintiff must be for a return, or for the value (in the alternative) and damages, so that he might make return in satisfaction of the value, while the plaintiff insisted that her judgment must be for the value and damages, and that no return could be made except at her option.

The case was sent from the Passaic Circuit Court for an advisory opinion.

Argued at February Term, 1876, before BEASLEY, CHIEF JUSTICE, and Justices WOODHULL, VAN SYCKEL and SCUDDER.

For the plaintiff, *John C. Paulison.*

For the defendant, *Tuttle* and *Griggs.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   On the issue of *non cepit*, the finding is for the plaintiff, and, on the plea of property, a part of the chattels are found to be his.   Under such conditions, according to the common law procedure, the plaintiff would have been entitled at the trial, if his declaration had been in the *detinet*—that is, had charged a detention of the articles in dispute up to the time of trial, to have the value of such articles embraced in the verdict.   On the other hand, if he had declared only in the *detinuit*, that is, had charged a detention against sureties and pledges, which means a detention until a delivery of the goods under the writ of replevin to the sheriff, the verdict could not have embraced the value of the goods.   A charge of a detention in the past tense implies that the plaintiff has had his goods returned to him ; and, consequently, by force of such a charge, damages for the taking only was the proper measure of compensation ; while a charge in the present tense implied that the replevin had been inoperative to work a restoration of the property ; and,

consequently, its value was awarded to him in the form of damages. 4 *Bacon's Ab.*, *tit. Replevin; Frazier* v. *Fredericks*, 4 *Zab.* 170. Such judgment for damages, including the value of the chattels in question, was absolute in its nature, and it could not be settled or affected by an offer to deliver up the property.

Such was the ancient mode of proceeding. In the present case the plaintiff has a verdict for damages, which includes the value of the goods, where the title is found to be in him. It does not appear whether a past or continuing detention is laid in the pleading, but it was shown on the trial that the detention, in point of fact, was continuing, as the defendant, in frustration of the replevin writ, had put in a claim to the property, and had given the requisite bond. On the doing of this, the statute directs the property to be surrendered to the defendant, and in the tenth section, further directs that, thereupon, the "said suit shall be proceeded in and determined in the same manner, in all respects, as if such claim of property had not been made; and, if the plaintiff recover, the jury empaneled to try the issue or to ascertain the damages, shall find the value of the goods and chattels, as well as the damages of the plaintiff, and the plaintiff shall have judgment thereon in damages, as well for the value of the goods and chattels, as for the taking and detaining." It was by force of this statutory regulation that the value of the chattels was included in the damages; and now a question is made as to the effect of the judgment to be entered on this verdict, the defendant claiming that such judgment should be conditional, to the effect that, either the goods must be returned, or the damages paid. But there is no color in the act for such a construction. The provision is for a judgment for damages, including the value of the chattels, and not for such damages or for a return of the chattels. Nor is the object of this provision either obscure or impolitic. As has been already shown, if the goods were not delivered in the writ of replevin, the common law authorized a judgment for their value; and where the statute authorizes such withholding on the giving

of a bond, there seems no reason why the same result should not follow. In both cases, the wrong done to the plaintiff is the same, *i. e.,* he is kept out of the possession of his property for the same period of time. The defendant, in the appointed mode, may prevent the plaintiff from taking immediate possession of his goods, but he must do this at the peril of being treated as a trespasser, and having a judgment taken against him for their value. The statute simply puts the defendant, in this particular, on the footing of the old law, superadding to this liability the obligation to give a bond. Nor is this burthen peculiar to the defendant, for a similar one, by the same act, is imposed on the plaintiff. By section twenty-five, when the goods are delivered to the plaintiff under the writ, if the defendant succeeds in the suit, he is empowered to take judgment for the value of the goods, as well as for damages for their taking; the policy of the law being to subject both the taker and retainer of the chattels to this peril. And it will be observed that in each of the two cases, there is a bond required, which stands as a cumulative remedy to the judgment thus authorized. It was suggested in the brief of counsel that, if the present judgment should stand, comprehending in the damages the value of the goods, that the defendant's bond might still be enforced; but the plaintiff can have only one satisfaction, and the court, under the power which it possesses to prevent all abuse of its proceedings, would see to it that nothing more than this was obtained. The right to control, in a summary way, the security which a party to a suit has been required to give in a course of law, is a well known judicial attribute. It is thus that supervision is exercised over the proceedings on recognizances and bail bonds. *Solomon* ads. *Gregory,* 4 *Harr.* 115. Although, therefore, under certain conditions, the plaintiff and the defendant in a replevin suit have each a double remedy, they can carry only one of such remedies to an indemnifying result; the court will not permit more than this; but they have the right to select which remedy they will push to this successful conclusion.

In the present case the plaintiff should be allowed, at his option, to recover by execution the amount of the damages awarded to him, or to pursue his remedy on the bond.

With regard to the costs, each party, in my opinion, is entitled to them. In replevin both parties are actors, and when the defendant succeeds, on a plea of title, either in whole or in part, his judgment is *de retorno habendo*, and that the goods are irreplevisable forever. In this case, it seems to me that the proper judgment on the side of the defence would be an entry reciting the finding of the jury as to the specified articles in the defendant's favor, and that there was a statutory retention of them by him, and adjudging that he retain the same to hold to him irreplevisable forever, and that he have his costs. The defendant's title to cost does not depend on the value of the property given by the verdict to him; the subject is regulated by the twenty-seventh section of the replevin act, which provides, "that in all actions of replevin, except where a distress has been made, if the plaintiff be non-suited, or a verdict be found in favor of the defendant, the defendant shall recover his damages and costs against the plaintiff, if the plaintiff would have recovered damages and costs, if he had succeeded in the action." In the present case the plaintiff succeeding was entitled to costs, and, consequently, the defendant is, in a position, to claim the benefits of this act. The result awarding costs to each side is entirely just; neither party was wholly right, nor either wholly wrong; costs, in our system, belong to the victor.